al, versus one beacon? Mayeaux. Is that right? Mayeaux. OK, see, I should do better than that, because I come from Melancones and Fontenotes.  I apologize. May it please the court. My name is John Fugate. I represent the appellants associated with the former Avondale shipyard. The issue on this appeal is whether at least one of the plaintiff's negligence claims, all of which concern asbestos exposure, relate to, or are associated with, the Navy's mandate that Avondale build Vietnam era destroyer escorts with asbestos. Avondale urges an affirmative response for three basic reasons. First, under Zerang versus Crane Co, in the relating to language added by the 2011 amendment to the federal officer removal statute, the tortious conduct alleged by a plaintiff need only relate to, or be associated with, a federal directive to satisfy the causal nexus element of the federal officer removal test. A removing defendant is no longer required to show that the challenge conduct was caused by a federal directive. Now secondly, all of the duties of care that Avondale owed Mr. Mayhew concerned asbestos, and so related to the federal government's requirement to use asbestos, a requirement Avondale was obligated to comply with, that the government maintained oversight to ensure compliance, thus ensuring federal interests. Therefore, Avondale satisfies the new relating to test, regardless of whether it had the discretion to warn or take safety precautions. And third, the district court held that this court's holding in Savoie versus Huntington Ingalls is binding precedent on the negligence claims in this case. Yet the Savoie panel itself held that it did not consider the effect of the 2011 amendments, and that resolution of that issue awaited another day. Now with these general principles in mind, let's move directly to the focus of this appeal, and that is the relating to language added by the 2011 amendments. Congress, by adding the relating to test, changed the law, and changed the law materially. In Zerang, this court held that the plain meaning of relating to is broad, that it broadens the scope of the federal officer removal statute, and that the plain import of the phrase is irreconcilable with the requirement of a precise federal direction. In fact, Congress itself stated that the phrase broadens the universe of acts subject to federal officer removal. Therefore, the 2011 amendments replaced the old caused by test with a new relating to test. Simply put, the test is no longer whether the challenge conduct was caused by a federal directive, but merely whether it is associated with or connected with a federal directive. Now the district court held that Avondale did not case because it did not offer evidence showing that a federal directive prevented it from taking safety precautions or warning. Now while that holding might have been in keeping with the old caused by standard, it has no currency under the new relating to test. Unlike the old test, the new test What's your limit now, then, if you want to say related to? I understand your argument. There must be some limit. You agree with that, don't you? Yes, sir. What do you think that limit is? I think, first of all, you've got to be doing something on behalf of the federal government. And secondly, the federal government has to require you to do the thing that got you in trouble. Here they required us to use asbestos. But the federal government didn't require them not to give any warnings about safety, did it? Not on the facts of this record, no. And isn't that what this negligence claim is about, that they didn't give any safety? Isn't that the claim we're talking about, no safety warnings? That is the nature of the claims, Your Honor. But when Congress added on it. Well, but the federal government never said, you're not allowed to give any safety warnings. Did it say that? On the facts of this record, you're correct, Your Honor. Did the federal government take responsibility itself for giving the safety warnings? Not on the facts of this record, Your Honor. There wasn't any federal regulations preventing them from giving any safety warnings. Not on the facts of this record. The contract didn't provide that they couldn't give any safety warnings. The contract with the Navy didn't provide that they couldn't give any safety warnings, did it? No, sir. I can see that on the facts of this record, my client was not required to do anything with safety. But the crux of this appeal is that under the new test, as opposed to the old test, the new test is broad enough to encompass more than one act or activity contributing to the challenged conduct. Borrowing from negligence concepts, a removing defendant is no longer required to show that a federal directive is the sole proximate cause of the challenged conduct, but merely a contributing cause. Now, furthermore, the Mayhew's negligence claims in this case implicate federal interests. First, the Navy required Avondale to install asbestos on these ships. And Avondale was obligated to comply with those requirements. Furthermore, the federal interests were further manifest by the federal government maintaining oversight over the constructions of these vessels to ensure that the federal specifications were complied with, including the requirement to install asbestos. Now, how do you connect that to providing safety warnings? Your Honor, the test no longer, you no longer need that level of specificity. If I may, let me refer to the Third Circuit's decision in NRACONFER. But you're going from no level of specificity to saying you don't have to say anything about it at all. No, sir, I'm not saying that at all. I'm not saying at all. And if you'd let me go through the federal interest, I can tie that together. I'll shut up and let you connect it up. OK. The Mayhew's negligence claims implicated federal interest. First, the government required Avondale to use the asbestos. And Avondale was obligated to comply with those requirements. Secondly, the government maintained oversight over Avondale to ensure that they were doing this. Therefore, this case implicates the same federal interests as in Winters, where the federal government's control over the production and composition of Agent Orange implicated federal interest. Therefore, since there is a federal interest in this case, since the federal government required us to do something, application of the relating to standard, Your Honor, does not stretch the causal nexus test to the point of irrelevance or conflict with this court's holding in Bartel versus Alcola Steamship. In Bartel, the federal government did not require the removing defendant to do anything, much less anything to do with asbestos. By sharp contrast, in this case, the federal government required Avondale to use asbestos. Avondale was obligated to comply with that requirement. And the government maintained oversight to ensure compliance. Therefore, Bartel is easily distinguishable because there was no such federal oversight or control in Bartel. Say the government maintained oversight. They were maintaining oversight to ensure that asbestos was being used, not with respect to how this shipyard was being run and what kind of protection was being used. Yes, Your Honor. If they put in this contract, you have to use asbestos. And furthermore, you need to have a robust system to protect your employees from the effects of asbestos. Then what? Would we have a suit against the government, too? In those, you may have a suit against the government, Your Honor. That would definitely not be what the government would do. Actually, what you're talking about there would be the merits of a Boyle governmental contractor defense. What we're talking about here is removal. Remember, when you're trying to remove a case, you don't have to prove the case on the merits. You only have to prove the case on the merits. Oh, I know that. Yes. I mean, the Acres versus Jefferson County. I got it. Now. What do we do with the fact that we have already written about this post the amendments? And we articulated something that included something that's our old standard. And we found it not to be intentioned. Right, Your Honor. I understand that completely. So why aren't we bound by our old standard? And so it doesn't really matter whether we agree with you in theory. We've got to keep following our old standard, because we did it in the first case that came up after this. Your Honor, the rule of order does not apply here for two reasons. First of all, the Savoy panel in a published per curiam opinion said that it was not addressing the effect of the 2011 amendments. I mean, secondly, Your Honor, although the Zerain court reexamined and reaffirmed Bartel in light of the 20 amendments, it did no such thing with Savoy, Your Honor. Now third, under this court's holding in MacTel versus Department of Labor, a prior panel's silence on an issue of statutory interpretation is not binding precedent. Why not taking Bartel back up and saying we're still doing Bartel? Well, no, no, I agree with you. I think Bartel's a good law. I just think Bartel is clearly distinguishable. And there's another aspect of Bartel that I haven't had a chance to mention that I think is distinguishable. Although the federal government required someone in Bartel to install asbestos on the vessels being operated by the Bartel removing defendant, the federal government did not require the moving defendants to do it. Therefore, the Bartel defendants in Avondale are not similarly situated because in our case, the government required us to use asbestos. In Bartel, the federal government didn't require the removing defendants to do so, Your Honor. Didn't the case affirm the theory, not just the practical application of the case to the facts to Bartel. It brought the Bartel reasoning up. Well, Your Honor, again, you've got to look at the federal interests. And the federal interest here is the government made us do it, we were obligated to do it, and they maintained oversight to do it. In Bartel, that wasn't it. In Bartel, application of the relating to test, in my opinion, truly stretched the test to the point of irrelevance. Here, it clearly does not because you have this federal interest. Also, Your Honor, in 2000, Congress changed the law and changed the law materially. First, by continuing to apply the old cause by test, this court would render irrelevant Congress's addition of the relating to phrase. Secondly, by continuing to apply the old cause by standard, this court would be giving the federal officer statute a grudgingly narrow interpretation which has been proscribed by both this court and by the Supreme Court. Also, this court has repeatedly noted that the federal officer statute should be liberally construed. And third, Your Honor, the continued application of the caused by test would create a direct conflict between the Fifth and Third Circuits. In NRA Commonwealth's motion to appoint counsel, the Third Circuit held that the 2011 amendments replaced the old cause by test with a new relating to test. And the Third Circuit applied the relating to test in circumstances that would not have satisfied the old cause by test. In that case, as you will recall, you had the federal community defender who was under no mandate to make appearances in state court post-conviction hearings, although they were under a mandate to participate in the federal habeas hearings. But the Third Circuit held that even though it was within their discretion whether or not to do it, that it still was closely related with its federal mandate to provide adequate representation to these post-conviction defendants, Your Honor. At this point, I will wait for rebuttal. When you come back for rebuttal, will you address whether other circuits have changed their tests? I tried to do my own research on that. I mean, if you want me to, I can answer that right now, Your Honor, if you don't mind me going. Sure. OK. The Fourth Circuit in Sawyer has held that the 2011 amendments replaced the old because of or caused by test with a new relating to test. That case involved Westinghouse boilers on a Navy ship. Also, Your Honor, the 11th Circuit in the Kaver case, which involves a rural electrification corporation in Alabama. Again, Alabama noted that the 2011 amendments replaced the old test with a new test. Now, there is something I wanted to mention, though, about Kaver and Sawyer. In both Kaver and Sawyer, the facts of those cases probably would have satisfied the old caused by test anyway. OK, I think that you saved your time for rebuttal, and you've answered my question. And thank you. And were those in your brief or not? I know I asked you the question. If they're not in your brief, then they need to have a chance. I didn't put that, Your Honor. I didn't give it back. OK, thank you. Thank you. Good afternoon. I'm Helen Babin here today on behalf of the appellee George Mayhew, Jr. Mr. Mayhew dedicated his entire work life to Avondale Shipyards for 45 years. He contracted mesothelioma in October 2016 and has since passed away. I want to go back to Avondale's argument on federal interest. It's a critical argument in any federal contractor case. In this case, and in this case alone, and there are many before you similar to this, we produced the federal contracts buying between the US Navy and Avondale Shipyards. Some of those contracts for the destroyer escorts on which Mr. Mayhew worked. Some of those contracts are 62 pages long. Those contracts are silent, absolutely silent, on any provision or guidance or control or mandate of an asbestos safety program at Avondale Shipyards. Similarly, we also introduced the testimony of safety directors at Avondale who corroborated that finding from the contracts that there is nothing in there directing Avondale to establish an asbestos safety program. Why is that important? We go back to the cases cited by Avondale, and particularly to those cases he just cited from the 11th Circuit and the 3rd Circuit. In Caver, the court found there must be a relationship between the federal officer and the private person, and it must be one of subjection, guidance, and control. In this case, the federal officer being the US Navy and the private person being Avondale Shipyards, one of subjection, guidance, and control. There's nothing in these US Navy contracts that subject Avondale to a safety program, that guide Avondale as to its asbestos safety program or control Avondale. The question that I had was if there had been such a provision in the contract that laid out safety requirements, since we're mandating you use asbestos, therefore, you need to take great precautions regarding safety, et cetera, would the government then be a defendant? I think that's the Winters case, which was referenced in Bartell. In Winters, it's an Agent Orange case. In that case, the government specifically packaged and delivered the hazardous product, Agent Orange. The government had the opportunity to place a safety warning on the Agent Orange or in conjunction with the production of the Agent Orange, it failed to do that. So there was a causal nexus between the federal action, the failure to warn when it packaged the product itself and the harm caused. Again, in another case in this circuit in 1998, LeLandre, if I'm saying that right, also referenced in Bartell, the federal government actually imposed the safety requirements on the manufacturing facility, even to the extent of dictating the topics to be covered at the safety meetings. So that's an incidence and those are facts and these are, all of these cases turn on the facts. In those cases, the government is asserting a control, not only guidance, a control over the safety issue. We don't have that in this case. Avondale argues that the 2011 amendment to the federal contractor statute replaces the old but for causal relationship with the new standard of relating to or associated with. Even, and they argue that it goes to the extent, even to the extent of no longer requiring government control of safety, it no longer requires government control of safety. If you got the word asbestos in that contract, everything else falls in place. The problem is that even under the Avondale somewhat tortured construction of the 2011 amendment, there is nothing to relate or connect to in the contracts. Since they are silent on an asbestos safety program, there is no connection to be made. So. But your point is it doesn't matter. It doesn't matter. It's not there. If it's not there, you can't create it. And council agreed that under the facts. So we don't have to go with 2011 or not in the extent of it and what the new test is because it doesn't matter? Under both tests, Avondale's argument fails. Under the old test of but for, under the new test of relating to, Avondale's argument fails because there's nothing to relate to. There's no provision for an asbestos safety program in the contracts. There has to be at least a minimal connection. As Zerang said, it can't be extended to the point of irrelevance. That standard must be connected to something. And here, the federal government simply had no interest in telling the private contractor how to protect its workers. It had an interest in building destroyer escorts per specification at the cost agreed to. That's what those contracts say. It left to the private contractor the safety of its own employees under state law. So we ask that this court affirms Judge Brown's ruling. Do you have any other questions? Thank you. Thank you very much. Thank you. Your Honor, if I may, in Zerang, this court held that the relating to language in the 2011 amendment changed the law. And it broadened the scope of the statute to include and embody any acts that are connected with or associated with the federal directive. Here, if you look at the plaintiff's petition, which is recited in whole on page 25 and 26 of the district court opinion, the core allegation is that Mr. Mayhew died as a result of exposure to asbestos while he worked at Avondale. The next 10 allegations of negligence then relate back or concern that. It's things like, well, they didn't take precautions to giving respiratory equipment. They didn't give him protective clothing. All of those allegations, Your Honors, relate back to that core allegation that he was exposed to asbestos. Therefore, applying this case in this case doesn't stretch the causal nexus test to the point of irrelevance. And as far as precedent is concerned, well, Zerang has held that the test has been changed. So the test has to go somewhere. And that application of the cause bystander, the way we have in the past, doesn't move the needle on the meter one bit. Now, as far as Zerang is concerned, in Zerang, the court first held that the statute broadens the scope of the statute. It also admonishes against reading the statute in such a way that it doesn't render the 2011 amendments irrelevant or look at them in a grudgingly narrow way. Also, if the holding in Zerang had been limited to strict products liability, Your Honor, there would have been no reason for the court to have considered or applied the 2011 amendments. In Winters in 1998, this court held that strict product liability claims satisfy all four elements of the causal nexus removal test, including the causal nexus test. Also, Your Honors, relating to and resulted from and caused by just simply are not synonymous. Zerang points out that relating to is broader, encompassing all acts that are associated with or connected to a federal directive. In the United States Supreme Court in Morales, when it even further, Your Honor, in describing in, I'm sorry, let me back up a second. Morales is cited by the Zerang court as precedent on the definition of relating to. And if you look at the way the Supreme Court in Morales interpreted relating to, they used adjectives like expansive suite, broadly worded, deliberately expansive, and conspicuous for its breadth. Your Honors, Congress has the authority to define the jurisdiction of the lower federal courts. And Congress can amend jurisdictional statutes whenever it deems fit. And when Congress does amend a jurisdictional statute, the federal courts are not free to second guess that legislative choice. They've got to give plain meaning of statutory laning its meaning. In summary, Your Honors, application of the relating to test in this case is consistent with the plain language of the 2011 amendments, the principles underlying Zerang. In the Supreme Court's command, which was around much longer than the 2011 amendments, that the causal nexus analysis is not to be unduly demanding. For these reasons, Avondale respectfully requests that you vacate the district court's remand order and remand the case back to the district court. Thank you, counsel. The court is going to take a break.